IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| EDWARD LYNN RUSSELL, et al. | § |
| | § |
| VS. | § CIVIL CASE No. 4:11-CV-529-Y |
| | § |
| DEE ANDERSON, Sheriff, | § |
| Tarrant county, Teas, et al. | § |

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER</u>
(With special instructions to the clerk of Court)

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge, are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

A. NATURE OF THE CASE

This action was opened with a civil complaint for relief under 42 U.S.C. § 1983.

B. PARTIES

Plaintiff Edward Lynn Russell, Tarrant County inmate number 0755761, initiated this action with a form civil rights complaint accompanied by an application to proceed in forma pauperis. That form complaint includes several instruction paragraphs, including information about the application of the Prison Litigation Reform Act ("PLRA") to suits filed by prisoners, and declaration paragraphs, in which the inmate plaintiff is to verify the

requirement of payment of a full filing fee of $350 and is warned of possible sanctions for providing misleading information. Only Edward Russell signed the complaint form itself and signed to the declarations in the complaint form regarding payment of the full $350.00 filing fee and other issues. Attached to the five-page complaint form however, are six pages of handwritten allegations, and at the end, these papers are signed not only by Russell, but also by ten other Tarrant County jail inmates, Chris Morrow, Marvin Phillips, Jesus R. DeLeon, Robert Martinez, Mike Van Winkle, Charles D. Sims, James Robbins, Manuel Valenzuela, Joe Hernandez, and Andrew T. Leal. No process has been issued to any defendant in this case.

C. PRELIMINARY CONSIDERATION

Although the Prison Litigation Reform Act (PLRA) does allow a prisoner to bring a civil action[1] without *prepayment* of fees or security, a prisoner is required to "pay the full amount of a filing fee." 28 U.S.C.A. § 1915(b)(1)(West Supp. 2010). In order to obtain this payment, the Court is first required to assess and collect an initial partial filing fee. *See* 28 U.S.C. §1915(b)(1). The statute further requires a prisoner thereafter to pay the balance of the full filing fee. Because plaintiff Edward Lynn Russell has supplied the necessary in-forma-pauperis application

---

[1] Any party instituting any civil action (including an action for a TRO or injunctive relief) is required to pay a filing fee of $350.00. *See* 28 U.S.C.A. § 1914(a)(West Supp. 2010).

and inmate account certificate, and he properly completed the § 1983 civil complaint form, the Court already issued an order imposing the fee collection upon him for the instant case, and the case shall remain active as to plaintiff Russell's claims.

Although the other ten Tarrant County inmates have signed the attachment to the complaint, the Court finds that each individual should be required to file his own civil action asserting his own individual claims. This is particularly appropriate in this instance because none of the additional plaintiffs signed the complaint form itself. Also, separate cases by individual inmate filers is "proper because of the need for each individual plaintiff to represent himself with regard to the claims alleged in the case, the need for each plaintiff to sign the pleadings, and the likelihood that the factual grounds for each inmate's claims may differ." *Sneed v. Cotton*, No. 3:08-CV-2273-G, 2009 WL 222760, *1 (N.D. Tex. Jan. 29, 2009)(citing *Beaird v. Lappin, et al.* No. 3:06-CV-967-L, 2006 WL 2051034, at *3-4 (N.D. Tex. July 24, 2006). Furthermore, prisoners who file a complaint jointly, must each individually pay the full filing fee. *See Beaird*, 2006 WL 2051034, at *3 (citing *Bouribone v. Berge*, 391 F.3d 852, 854-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1196 (11th Cir. 2001)).

## RECOMMENDATION

It is therefore recommended that although this case should continue as to individual plaintiff Edward Lynn Russell's claims,

insofar as the complaint also includes Chris Morrow, Marvin Phillips, Jesus R. DeLeon, Robert Martinez, Mike Van Winkle, Charles D. Sims, James Robbins, Manuel Valenzuela, Joe Hernandez, and Andrew T. Leal, their claims should be DISMISSED without prejudice to each individual's right to file a new form civil complaint in his own behalf accompanied by a properly executed request to proceed in forma pauperis.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendations until August 24, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto Ass'n*, 79 F.3d1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Pursuant to 28 U.S.C. § 636, it is ORDERED that each party is granted until August 24, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendations. The clerk of Court is directed to send a copy of this order to each listed party plaintiff.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 2 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE